# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

VYRON WHEELER
Reg #10989-007                                                                                          PETITIONER

VS.                                    2:14CV00064 KGB/JTR

C.V. RIVERA, Warden,
FCI Forrest City, et al.
                                                                                                        RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

Mail any objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Vyron Wheeler. *Doc. 2*. Before addressing Wheeler's habeas claims, it is important to understand the procedural history of the case.

On March 4, 1997, Wheeler was convicted, by a jury in the District of Columbia Superior Court,[1] of second-degree murder and possession of a prohibited weapon. *Doc. 11-1*. He received an aggregate sentence of twenty years' to life imprisonment. *Id.*

On July 2, 1997, Wheeler filed a direct appeal in the District of Columbia Court of Appeals.

While his appeal was pending, he also filed, in the District of Columbia Superior Court, three postconviction motions pursuant to D.C. Code § 23-110. *Doc. 3 at 74-75*. Those motions, which raised ineffective assistance of counsel and prosecutorial misconduct claims, were all denied. *Id.*

On October 2, 2003, "[i]n a consolidated appeal [of Wheeler's direct appeal and an appeal from the denial of postconviction relief]," the District of Columbia Court of Appeals affirmed. *Wheeler v. United States*, 832 A.2d 1271 (D.C. 2003); *Doc. 3 at 74-75*.

---

[1] In 1970, Congress enacted the District of Columbia Court Reform and Criminal Procedure Act, which created the District of Columbia Superior Court and the District of Columbia Court of Appeals, "to be like a State court system." *See Banks v. Smith*, 377 F.Supp.2d 92, 94 (D. D.C. 2005).

On April 28, 2010, Wheeler filed, in the District of Columbia Superior Court, a fourth postconviction motion pursuant to D.C. Code § 23-110, "based on 'newly discovered evidence' of ethical violations at the D.C. Morgue and *Brady* violations by the Government." *Doc. 3 at 75*. On December 15, 2010, District of Columbia Associate Judge Harold Cushenberry entered an Order denying Wheeler's motion because it was "successive and procedurally barred." *Doc. 3 at 74-78*.

Wheeler appealed the denial of postconviction relief. On October 20, 2011, the District of Columbia Court of Appeals affirmed: "The trial court did not err in finding appellant failed to demonstrate cause for failing to raise his claims in his direct appeal or previous § 23-110 motions." *Doc. 3 at 79*; *Wheeler v. United States*, No. 11-CO-50, (D.C. Oct. 20, 2011); The Court also denied Wheeler's subsequent requests for an *en banc* rehearing and a recall of the appellate mandate. *Doc. 3 at 80, 82*.

Wheeler initiated this habeas action on May 12, 2014, while he was incarcerated at FCI Forrest City.[2] *Doc. 2*. He argues that: (1) the District of

---

[2] On June 23, 2014, Wheeler filed a change of address indicating that he had been transferred to FCI Fairton, in New Jersey. *Doc. 9*. However, a federal prisoner's post-filing transfer does not generally defeat habeas jurisdiction. *See Mujahid v. Daniels*, 413 F.3d 991, 993-94 (9th Cir. 2005) (habeas petitioner incarcerated in the District of Oregon properly named the warden of the institution where he was imprisoned and filed petition in the District of Oregon - "[petitioner's] subsequent transfer and placement onto supervised release do not alter this [jurisdiction] analysis" noting that "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."); *United States v. Foster*, 4 Fed. Appx. 605, 607 n.3 (10th Cir. 2001) (unpublished decision) ("Of course, parole or subsequent removal of a petitioner from the district with jurisdiction at the time a habeas petition is filed does not divest the court of its jurisdiction."); *White v. Lamanna*, 42 Fed. Appx. 670 (6th Cir. 2002) (Ohio district court improperly dismissed a

Columbia Court of Appeals applied the wrong legal standard when it held that he could have discovered the alleged *Brady* material as early as 1996; (2) the District of Columbia Court of Appeals applied the incorrect legal standard in denying his Motion to Recall Mandate; (3) "the postconviction courts failed to correctly apply . . . [the] actual innocence gateway test;" and (4) the "postconviction courts were objectively unreasonable" and violated his Fifth and Sixth Amendment rights. *Docs 2 and 3*.

Respondent argues that this Court lacks subject-matter jurisdiction over Wheeler's habeas claims because he has not shown that his postconviciton remedy under D.C. Code § 23-110 is inadequate or ineffective.

For the reasons discussed below, the Court agrees with Respondent's argument and recommends that Wheeler's Petition for a Writ of Habeas Corpus be dismissed, with prejudice.

## II. Discussion

An inmate who is incarcerated in federal prison pursuant to a conviction from the D.C. Superior Court is generally considered a "state" prisoner for purposes of habeas relief in federal court. *See Adams v. Middlebrooks*, 810 F. Supp.2d 119, 122 (D. D.C. 2011) ("the clear weight of authority . . . finds that a prisoner in custody pursuant to a judgment of the D.C. Superior Court must seek

---

properly filed habeas petition after prisoner's transfer to a federal prison in Indiana). Thus, this Court retains personal jurisdiction over this action.

habeas review under 28 U.S.C. § 2254") (internal quotations omitted); *Tyree v. Lindsay*, 2007 WL 3231802 (M.D. Pa. 2007) (unpublished) ("Petitioner correctly indicated, and Respondent recognizes . . . that his Habeas Petition was filed pursuant to 28 U.S.C. § 2254 and not § 2241, since he is a District of Columbia convicted inmate confined in a federal prison challenging his D.C. conviction"); *but see Page v. Holland*, 2013 WL 3830166 (E.D. Ky 2013) (unpublished) (construing federal prisoner's habeas claims challenging conviction from the D.C. Superior Court pursuant to § 2241, not § 2254).

Regardless of whether Wheeler's habeas claims are characterized under 28 U.S.C. § 2254 or § 2241, the result is the same. A prisoner who is convicted and sentenced by the District of Columbia Superior Court may seek collateral review pursuant to D.C. Code § 23–110(a), which authorizes a motion to vacate on the ground that the "sentence was imposed in violation of the Constitution of the United States[.]" Importantly, the statute goes on to provide that a habeas petition challenging the same sentence "shall not be entertained" by a federal court "unless it also appears that the remedy by [D.C. Code § 23-110(a)] is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g). Thus, D.C. Code 23-110(g) "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was inadequate or

ineffective[.]" *Blair-Bey v. Quick*, 151 F.3d 1036, 1043 (D.C. Cir. 1998) (internal quotations and citations omitted).

Wheeler argues that D.C. Code § 23-110(a) is inadequate because his case is analogous to *Williams v. Martinez*, 586 F.3d 995 (D.C. Cir. 2009). *Williams* involved a prisoner, convicted in D.C. Superior Court, attempting to assert a habeas claim of ineffective assistance of appellate counsel. There was well-established D.C. Court of Appeals case law holding that ineffective assistance of *appellate* counsel claims could *not* be raised in a § 23-110(a) motion, and could *only* be raised in "a motion to recall the mandate . . . filed directly in the D.C. Court of Appeals[.]" *Id.* at 998. "Thus, because the [D.C.] Superior Court lacks authority to entertain a section 23-110 motion challenging the effectiveness of appellate counsel, that section is, by definition, inadequate to test the legality of Williams's detention [and] section 23-110 does not bar Williams's habeas petition." *Id.*

Wheeler's case is in no way analogous to *Williams v. Martinez*. Wheeler does *not* raise an ineffective assistance of appellate counsel claim. Instead, his habeas claims are premised on alleged *Brady* violations *and* his "actual innocence." These are the kind of claims that have been held to be cognizable in a D.C. Code § 23-110(a) action. *See Briscoe v. Jarvis*, 2015 WL 124115 (D. D.C. Jan. 9, 2015) (government's alleged failure to disclose *Brady* material was

cognizable in a D.C. Code § 23-110 action — dismissing habeas claim for lack of jurisdiction*); Ibrahim v. United States*, 661 F.3d 1141 (D.C. Cir. 2011) (holding that stand-alone and "gateway" actual innocence claims were cognizable under D.C. Code § 23-110). "The § 23-110 remedy . . . is not considered inadequate or ineffective simply because the requested relief has been denied." *Plummer v. Fenty*, 321 Fed. Appx. 7 (D.C. Cir. 2009); *see also Austin v. Miner*, 235 Fed. Appx. 48 (3rd Cir. 2007) ("Section 23-110 . . . is not inadequate or ineffective simply because [petitioner] is prevented from . . . using the remedy a second time to litigate or re-litigate this claim[.]"

Because Wheeler has not shown that his remedy under D.C. Code § 23-110(a) is inadequate or ineffective, the Court lacks subject-matter jurisdiction over this habeas action, and recommends that the Petition for a Writ of Habeas Corpus be dismissed, with prejudice.[3]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The Petition for a Writ of Habeas Corpus be DISMISSED, WITH PREJUDICE;

---

[3] On April 14, 2015, Wheeler filed a "Motion for Writ of Mandamus" requesting: (1) an expedited disposition; or (2) an alternative transfer of venue, pursuant to 28 U.S.C. § 1404, to the United States District Court for the District of Columbia. *Doc. 14*. Because habeas subject-matter jurisdiction is clearly lacking in this case, Wheeler's request for a change of venue is futile. *See Nash v. Wendt*, 2008 WL 4646336 (N.D. W. Va. 2008) (unpublished) (denying, as futile, an alternative request for a change of venue to the United States District Court for the District of Columbia because D.C. Code § 23-110 "prevent[ed] the federal courts from taking jurisdiction over the petitioner's claims").

2.     Petitioner's "Motion for Writ of Mandamus" *(doc. 14)*, construed as Motion for Change of Venue, be DENIED, AS FUTILE; and

3.     A Certificate of Appealability be DENIED.

Dated this 23rd day of April, 2015.

                                                            _____
                                                            UNITED STATES MAGISTRATE JUDGE